**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GUZZLETECH LLC, | |
| Plaintiff, | |
| v. | No. 25-cv-13945 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", | Judge Elaine E. Bucklo<br>Magistrate Judge Albert Berry III |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT AND FINAL DEFAULT JUDGMENT**

Plaintiff GuzzleTech LLC, ("Plaintiff") submits the following memorandum in support of its Motion for Entry of Default and final Default Judgment under Fed. R. Civ. P. 55 against the Defendants Identified in Schedule A attached to Plaintiff's Motion for Entry of Default and Final Default Judgment (collectively, the "Defaulting Defendants") based on Plaintiff's action for copyright infringement. This is a motion for final judgment.

**STATEMENT OF FACTS**

Plaintiff is an Ohio limited liability company and is the creator and seller of high-quality, gamified shotgun drinking devices (the "SHOTGUN ROULETTE Products"). Compl. ¶ 5, [5] Plaintiff sells these products through their SHOTGUN ROULETTE brand (the "SHOTGUN ROULETTE brand"), which allows consumers to purchase the genuine product through the company's website[1] and Amazon storefront.[2] *Id.* Plaintiff is the owner of several copyright

---

[1] https://www.shotgunroulette.com/
[2] https://www.amazon.com/dp/B0DJPN82SH

1

registrations (U.S. Reg. Nos. VA0002441308, VA0002441310, VA0002441312, VA0002441315, and VA0002441314) to protect the creative content of its works (the "SHOTGUN ROULETTE Works"). *Id.* ¶¶ 6, 9.

Plaintiff is engaged in the business of manufacturing, distributing, and retailing these high-quality drinking game devices within the Northern District of Illinois through his SHOTGUN ROULETTE brand and using the SHOTGUN ROULETTE Works in connection with the sale and advertising of Plaintiff's genuine products. *Id.* ¶ 10. Defendants' sales of the counterfeit products in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff. *Id.*

Defendants are individuals and entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. *Id.* ¶ 11. Defendants conduct business throughout the United States, including within the state of Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online commercial marketplaces operating under the Defendant Internet Stores. *Id.* ¶ 12. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit products to consumers within the United States, including Illinois and in this Judicial District. *Id.*

On November 13, 2025, Plaintiff filed its Complaint. [1]. On November 18, 2025, this Court granted, in part, Plaintiff's Ex Parte Motion for Entry of a TRO [10] (hereinafter "TRO"). Sealed TRO [11]. The Court extended the TRO on November 26, 2025, for an additional fourteen (15) days [15]. Paragraph 7 of the TRO permitted Plaintiff to complete service of process by providing notice via e-mail, along with any notice that Defendants receive from webstore hosts

2

and payment processors. Defaulting Defendants were properly served, and the Defaulting Defendants have not filed an answer or otherwise responded to the Complaint.

Pursuant to Fed. R. Civ. P. 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and a final default judgment finding that Defaulting Defendants are liable on the count of Plaintiff's Complaint. Plaintiff further seeks an award of statutory damages against each of the Defaulting Defendants as authorized by 17 U.S. §504(c)(2) for willful copyright infringement. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from using their copyrighted works and ordering that all assets in Defaulting Defendants' financial accounts summing up to the amount of the Judgment, including those operated by Aliexpress, Amazon, eBay, Shopify, TikTok and Walmart, as well as any newly discovered assets, be transferred to Plaintiff.

## ARGUMENT

## I.      JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. §§ 101-1511, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants because each of the Defaulting Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* Compl. ¶ 13; *see also uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the commercial Internet websites and online marketplace accounts operating under the Defendant Internet Stores, each of the Defaulting Defendants has targeted sales to Illinois residents by operating websites and/or online marketplace accounts that offer infringing products for sale and shipping to the United States, including Illinois and, on information and belief, each has sold Counterfeit/Infringing Products to residents within the United States, including Illinois. *See* Compl. ¶ 13. Many of the websites look sophisticated and accept payment in U.S. Dollars via credit cards, Western Union, PayPal, Payoneer, Stripe, and other online merchant payment processors. *Id.* As such, personal jurisdiction is proper since each of the Defaulting Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. *See Ent. One UK Ltd. v. The P'ships and Unincorporated Ass'ns Identified on Schedule "A,"* No. 19- cv-00788 (N.D. Ill. Apr. 23, 2019); *Levi Strauss & Co. v. 932HK- 5Z4WQX, et al.,* No. 19-cv-00281 (N.D. Ill. Apr. 2, 2019).

## II.  PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Fed. R. Civ. P. 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On November 13, 2025, Plaintiff filed its Complaint alleging copyright infringement (17 U.S.C. § 501(a)) (Count I). Despite having been properly served with process, the Defaulting Defendants have ignored these proceedings and failed to plead or otherwise defend this action. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

## III.  PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Fed. R. Civ. P. 55(b)(2) provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to the plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

Twenty-one (21) days have passed since Defaulting Defendants were served, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants identified in Schedule A to the Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases before this Court, Plaintiff requests an award of statutory damages as authorized by 17 U.S. §504(c)(2) for willful copyright infringement against each of the Defaulting Defendants for use of the Plaintiff's copyrighted works in connection with the Counterfeit/Infringing Products sold through the Defendant Internet Stores. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling the Counterfeit/Infringing Products and requiring that all assets in Defaulting Defendants' financial accounts operated by Aliexpress, Amazon, eBay, Shopify, TikTok and Walmart and any newly identified accounts be transferred to Plaintiff, up to the amount of statutory damages awarded by the Court.

To properly plead a claim of copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.,* 482 F.3d 910, 914 (7th Cir. 2007). Moreover, copyright protection extends to works derived from the original work since Section 101 of the Copyright Act defines a "derivative work" as "a work based upon one or more

preexisting works, such as a translation, musical arrangement, dramatization, fictionalization . . ., or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101.

Here, Plaintiff owns the registered copyrights in the SHOTGUN ROULETTE Works. Compl., ¶ 3. Plaintiff alleged in its Complaint that Plaintiff's SHOTGUN ROULETTE works have been infringed. *Id* ¶¶ 22-31. Since the Defaulting Defendants have failed to appear, answer, or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008).

Accordingly, Plaintiff requests entry of judgment with respect to Count I, against the Defaulting Defendants.

## IV. PLAINTIFF IS ENTITLED TO MONETARY DAMAGES AND INJUNCTIVE RELIEF

An award of statutory damages serves dual interests: it is remedial in nature but is also intended to protect an important public interest. Given the broader economic losses and harm to the market caused by counterfeiting, coupled with the possible dangers to consumers who are tricked into purchasing low-quality, counterfeit products over the Internet, it is important to both penalize defendants and try to deter future violations.

### A.      Statutory Damages Are Appropriate in this Case.

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c)(1), a plaintiff in a case involving the copyright infringement may elect to receive "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When the copyright infringement is found to be willful, 17 U.S.C. § 504(c)(2) provides for statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

A recent report entitled "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020) highlights the disturbing trends in the marketing and distribution of counterfeit goods online. *See* Exhibit 2 to the Complaint, ECF No. 1-3. This Review reflected escalating levels of counterfeit sales online as well as an increase in the services that support such operations. The economic toll of counterfeiting on governments, businesses, and consumers is disturbing.

A significant consideration in determining an appropriate statutory damages award should be whether infringing sales were made over the Internet. The rationale for this is that sales over the Internet should tend to increase the amount of an award because use of the Internet makes the infringing product widely available.

The lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *See PetMed Express, Inc. v. MedPets.com, Inc.,* 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004). Further, courts have recognized that statutory damages may be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, *11 (N.D. Ill. Apr. 17, 2008).

## B.     Defendants' Infringement Was Willful.

As alleged in Plaintiff's Complaint, Defaulting Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Plaintiff's Products. *See* Compl. ¶ 12.

Under 17 U.S.C. § 504(c)(3)(A), a copyright violation is presumed willful "for purposes of determining relief if the violator ... knowingly provided ... materially false contact information to a domain name registrar."

Further, in the Seventh Circuit, infringing conduct is willful where the defendant knows that his conduct constitutes infringement or where he shows reckless disregard of the copyright owner's rights. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) (Finding that "[w]illful blindness is knowledge, in copyright law"). Here, Defendants had knowledge that the activities constituted infringement or at least a reckless disregard of Plaintiff's rights in the copyrighted works because Defaulting Defendants are intentionally coupling Plaintiff's copyrighted works with goods derived from photographs works in Plaintiff's copyrighted works. Compl. ¶¶ 22-31.

**C.    A Substantial Statutory Damages Award Is Appropriate and Just.**

This Court has counseled as follows with respect to judicial determination of an appropriate statutory damages amount:

> In *Chi-Boy Music*, the Seventh Circuit held that courts enjoy wide discretion in determining statutory damages figures under § 504(b), and are not required to follow any rigid formula. Courts may consider factors such as the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement.

> *Entertainment One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019)

(internal quotations and citations omitted).

Plaintiff respectfully submits that the Court should enter a statutory damages award in its favor in the amount of $150,000 per Defaulting Defendant based on Defaulting Defendants' willful copyright infringement.

    a.  Defaulting Defendants have engaged in deceptive and unethical business practices that support a substantial statutory damages award.

The tactics that Defaulting Defendants have used in their efforts to unfairly capitalize on the goodwill that Plaintiff has established in the marketplace further support a high statutory damages award here. As indicated above, Defaulting Defendants facilitate sales by designing the product listing so that they appear to be selling genuine versions of Plaintiff's Products and/or are authorized by Plaintiff to use Plaintiff's copyrighted marketing materials to sell products.

b. Defaulting Defendants' decision to ignore this action makes the requested statutory damages award appropriate.

An additional consideration supporting a substantial statutory damages award here is that Defaulting Defendants deliberately chose not to defend this action. *See Light v. Zhangyali*, No. 15 CV 5918, 2016 WL 4429758, at *4 (N.D. Ill. Aug. 22, 2016). Defaulting Defendants were made aware of the pendency of this action against them through electronic service as authorized by the Court. However, Defaulting Defendants never filed an appearance or defended the action. Where a defendant knowingly fails to oppose an action asserted against it, this likewise supports a finding of willfulness and, therefore, increases the statutory damages award. *Energizer Brands, LLC v. Camelion Battery Co.*, No. 16 CV 4368, 2017 WL 6813689, at *2 (N.D. Ill. Oct. 10, 2017).

## V.      PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF

Plaintiff further respectfully requests entry of a permanent injunction under 17 U.S.C. § 502, enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's copyrighted works, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO. Plaintiff is also entitled to injunctive relief so it can quickly act against any new websites and online marketplace accounts that are identified, found to be associated with Defaulting Defendants, and selling Counterfeit/Infringing Products. *See Ent. One UK Ltd. v. The P'ships and Unincorporated Ass'ns Identified in Schedule "A,"* No. 19-cv-00788 (N.D. Ill. Apr.

23, 2019); *Levi Strauss & Co. v. 932HK-5Z4WQX, et al..,* No. 19-cv-00281 (N.D. Ill. Apr. 2, 2019).

## CONCLUSION

Plaintiff respectfully requests that the Court enter an order of default and final default judgment against each Defaulting Defendant on Plaintiff's Claim; award Plaintiff statutory damages in the amount of $150,000 per Defaulting Defendant pursuant to 17 U.S.C. § 504(c)(2) and enter a permanent injunction order (i) enjoining Defaulting Defendants from reproducing, publicly displaying, and otherwise using Plaintiff's copyrighted works; (ii) prohibiting Defaulting Defendants from transferring assets out of Defaulting Defendants' financial accounts, including those operated by Aliexpress, Amazon, eBay, Shopify, TikTok and Walmart , and ordering that all such assets, as well as any newly discovered assets up to the amount of the Judgment, be transferred to Plaintiff.

Dated: March 10, 2026

Respectfully submitted,

GuzzleTech LLC

By: /s/ James E. Judge
    Attorney for Plaintiff

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 634961)
Flener IP Law & Business Law
77 W. Washington St., Suite 800
Chicago IL 60602
(312) 724-8874
jjudge@fleneriplaw.com

10